Ex parte IRA CROSS.

No. A-9707. Aug. 4, 1939.
(93 P. 2d 20.)

Billingsley & Kennerly, of Wewoka, for petitioner.

J. M. Huser, Asst. Co. Atty., of Wewoka, for respondent.

DOYLE, P. J. In this proceeding petitioner, Ira Cross, by his attorneys has presented to this court a petition, alleging that he is unlawfully imprisoned in the county jail of Seminole county by Bice Merrell, sheriff of said county, having been charged with the murder of one John W. Taylor, by indictment duly returned by a grand jury; he is now so held in said county jail to await the action of the superior court of Seminole county without bail; that on a habeas corpus proceeding, the judge of said superior court denied bail and remanded petitioner to the custody of said sheriff.

Petitioner further alleges that he is not guilty of the crime of murder as charged, and that the proof of his guilt of the charge of murder is not evident, nor the presumption thereof great.

By agreement the petitioner in charge of respondent, and counsel for both parties appeared before the court and a hearing was had, wherein petitioner testified as a witness in his own behalf. In addition to this testimony numerous affidavits of persons purporting to be eyewitnesses to the tragedy were filed, on the part of the petitioner, also on the part of the state.

Upon the evidence adduced petitioner relies on the case of Cheadle v. State, 11 Okla. Cr. 566, 149 P. 919, 920, L.R.A. 1915E, 1031, wherein this court held:

"A person who commits a homicide while so drunk as to be incapable of forming a premeditated design to

kill, if he had formed no purpose to commit the crime prior to the time he became so intoxicated, is not guilty of murder, but is guilty of manslaughter in the first degree."

Since a premeditated design to kill, thus defined, is what distinguishes a nonbailable from a bailable crime, it is of this particular fact that the proof must be evident and the presumption great.

The rule is well settled that on application for admission to bail by one held under a commitment for the crime of murder, the burden of proof is on the petitioner to show that the proof of his guilt is not evident nor the presumption thereof great.

Since the weight and effect of all the testimony will be submitted to a jury, and should be so submitted without an intimation from this court, or the trial court as to its probative force, we refrain from expressing our views, so far as it relates to the weight and credibility of the evidence offered in this proceeding.

Without entering into a discussion of the facts and circumstances in evidence, we deem it sufficient to say that we find that the petitioner herein is entitled to be admitted to bail.

It is therefore adjudged and ordered that said petitioner be admitted to bail upon the charge of murder now pending against him in said superior court, and that his bail be and the same is hereby fixed in the sum of $20,000, bond to be conditioned as required by law, and the same to be approved by the clerk of said court.

BAREFOOT, J., concurs. DAVENPORT, J., absent.